UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEICO General Insurance Company as subrogee of Jonathan K. Yormak,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, GEICO General Insurance Company as subrogee of Jonathan K. Yormak, by way of Complaint against Defendant, The United States of America, alleges as follows:

## PARTIES

1. Plaintiff, GEICO General Insurance Company ("Plaintiff") is a corporation formed under the laws of the State of Virginia that does business at 1 Geico Boulevard, Fredericksburg, Virginia 22412.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured Jonathan K. Yormak ("Plaintiff's insured") is an individual residing at 535 E. 86th Street, Apt. 5F, New York, New York 10028.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain GEICO General Insurance Company policy.

5. The claims herein are brought against The United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicle of Plaintiff's insured and Robert Duffy, an employee of the United States Government, Postal Service.

7.      The United States Government, Department of the Post Office is an agency of the United States of America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of America.

## JURISDICTION AND VENUE

8.      Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. 2671, *et seq.*) and 28 U.S.C. 1346(b)(1).

9.      The claims here are brought against the United States of America for money damages as compensation for loss of property on August 5, 2014 that was caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

11.     An original SF-95 Claim Form was sent to the **United States Postal Service**. A true copy of the claim is attached hereto as **Exhibit A**.

12.     Plaintiff's claim was formally denied by the United States Post Office by letter dated December 18, 2014.  A true copy of the denial is attached hereto as **Exhibit B.**

15. Less than six (6) months has expired since the date of that denial, making institution of this lawsuit timely.

## **ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

16. At all times relevant hereto, Plaintiff's insured owned a 2014 Black Audi A8 ("the vehicle of plaintiff's insured").

17. On or about August 5, 2014, Jill Yormak was traveling in the vicinity of West 34th Street and 6th Avenue in New York, New York while traveling in the left lane on West 34th Street.

18. At the same aforementioned time and place, Robert Duffy was operating a United States Post Office vehicle (hereinafter "defendant's vehicle"), in the vicinity of West 34th Street and 6th Avenue in New York, New York, while traveling in the right lane on West 34th Street.

19. Upon information and belief, at all times relevant hereto, the vehicle being driven by Robert Duffy was owned by the United States Post Office, an Agency of Defendant, United States of America.

20. Upon information and belief, at all times relevant hereto, Robert Duffy was an employee of the United States Postal Service, an Agency of Defendant, United States of America.

21. At the same aforementioned time and place, Robert Duffy operated said vehicle in such an, including, but not limited to, reckless, careless, willful and wanton and/or negligent manner, so as to merge into the vehicle of Plaintiff's insured causing a collision.

22. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

23. As a result of Defendant's actions and/or omissions, Plaintiff paid Property Damage claims totaling $13,755.34.

## **TORTIOUS CONDUCT**

24.     Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

25.     Defendant owed a duty of reasonable care to Plaintiff's insured.

26.     Defendant breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently failing to pay attention and strike the vehicle of Plaintiff's insured.

## **REMEDY**

27.     WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A.     Money damages in the amount of $13,755.34.

B.     Such other relief as the Court might deem just and equitable.

Law Offices of Jan Meyer & Associates, P.C.

*[signature: Solomon Rubin]*

Solomon Rubin
Attorney for Plaintiff
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
(201) 862-9500
**Maintains a New York Office At:**
424 Madison Avenue
16th Floor
New York, NY 10017
*Kindly correspond with our NJ office.*

Dated: June 8, 2015
         New York, New York